of the subject paragraph. We do not say, however, that the defendant does not have an obligation under the separation agreement to pay for the wife's present apartment. We remand for a hearing to determine to what extent the defendant is obliged to meet this responsibility. Concur—Kupferman, J. P., Birns, Sandler, Ross and Markewich, JJ.

■ ALFRED TOKER, Respondent, v HARRY R. POLLAK, Defendant, and HENRY J. STERN, Appellant.—Order, Supreme Court, New York County, entered on November 2, 1979, dismissing defendant-appellant's motion to strike plaintiff's interrogatories and for a protective order, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs and disbursements, and the motion is remanded for disposition on the merits. In this defamation action brought by plaintiff attorney, *pro se,* wherein it is alleged he was denied a judicial office because of statements made by defendant-appellant, Special Term incorrectly determined that service of these motion papers was invalid. The court solely considered plaintiff's involvement in this action as a party and failed to allow for his dual role as attorney. Accordingly, service under these circumstances was proper (CPLR 2103, subd [b], par 3). Concur—Kupferman, J. P., Birns, Ross and Markewich, JJ.

■ LEO BARNWELL, Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant and Third-Party Plaintiff-Appellant. CONSOLIDATED CARTING Co., Third-Party Defendant-Respondent.—Judgment, Supreme Court, Bronx County, entered February 13, 1979, unanimously reversed, on the law and the facts, without costs or disbursements, and a new trial ordered on the issue of damages only, unless within 30 days after service upon him of a copy of this order, with notice of entry, plaintiff serves and files in the office of the Clerk of the Supreme Court, Bronx County, a written stipulation consenting to reduce the judgment herein to $100,000 and to the entry of an amended judgment in accordance therewith. If plaintiff so stipulates, the judgment, as so amended and reduced, is affirmed, without costs or disbursements. The damages proven on behalf of the plaintiff warrant an award no greater than the sum of $100,000, to which plaintiff's recovery should be limited. Concur—Birns, J. P., Sandler, Ross, Lynch and Carro, JJ.

■ EASTERN AIR LINES, INC., et al., Petitioners, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Order of respondents State Human Rights Appeal Board dated September 14, 1979 confirmed and the cross motion of respondent State Division of Human Rights denied as unnecessary. Respondent State division shall recover of petitioner Eastern Air Lines $75 costs and disbursements of this proceeding. No opinion. Concur—Fein, J. P., Sullivan, Lupiano, Silverman and Bloom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTIAGO TARRATS, Appellant.—Judgment, Supreme Court, Bronx County, rendered on November 17, 1978, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur—Birns, J. P., Sandler, Ross, Lynch and Carro, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTIAGO TARRATS, Appellant.—Motion to relieve assigned counsel denied. Concur—Birns, J. P., Sandler, Ross, Lynch and Carro, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS